**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1683
_____

UNITED STATES OF AMERICA

v.

BYUNG JANG
a/k/a Pyung-Hak Jang
a/k/a Xue Hui Shi


BYUNG JANG,

Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-11-cr-00756-001)
District Judge:  Honorable Katherine S. Hayden
_____

Submitted Under Third Circuit LAR 34.1(a)
November 16, 2012

Before:  RENDELL, FUENTES, and CHAGARES, <u>Circuit Judges</u>.

(Filed: November 28, 2012)


_____

OPINION
_____

CHAGARES, Circuit Judge.

Byung Jang was convicted of conspiracy to commit credit card fraud and aggravated identity theft. He was sentenced to 48 months of incarceration, a sentence that was at the bottom of the advisory Guidelines range. He now challenges that sentence on the basis that the District Court refused to grant his request for a downward variance. For the reasons discussed below, we will affirm Jang's sentence.

I.

Because we write solely for the parties, we recount only the facts that are relevant to our disposition.

Jang was one of forty-three individuals arrested and charged for participating in a widespread identity theft and credit card fraud conspiracy. The conspiracy involved the purchase and sale of fraudulent identification documents and the inflation of the credit scores associated with the fraudulent identities. Participants then obtained credit cards in the names of those identities and made fraudulent charges on these cards using credit card machines owned by co-conspirators, who could then withdraw money from the merchant accounts associated with the machines. Members of the conspiracy also made payments toward the charges on the credit cards from bank accounts containing insufficient funds, with the result that the payments were initially credited to the cards but then returned to the bank at significant cost to the credit card companies.

Jang's involvement in the conspiracy lasted approximately two years and consisted of, among other things, purchasing a fraudulent identity in order to obtain and use credit cards, creating false identity documents, attempting to use those false

2

documents to obtain genuine documents for fraudulent purposes, using his business to charge over $29,000 in fraudulent charges, obtaining a social security card and multiple credit cards under the name "Jimmy Park," and instructing a confidential informant on how to participate in the scheme. The losses attributable to Jang's conduct total over $315,873.

Jang entered into an open plea agreement with the Government that contained two stipulations: that the Guidelines loss would be between $200,000 and $400,000 and that the offenses involved ten or more people. Following Jang's guilty plea on a two-count indictment charging him with conspiracy to commit credit card fraud, 18 U.S.C. § 371, and aggravated identity theft, 18 U.S.C. § 1028A, the District Court sentenced Jang to 48 months of incarceration, the minimum sentence within the calculated Guidelines range of 48 to 54 months. Jang does not dispute the Guidelines range, rather he argues that he should have been given a downward variance based on the nature and complexity of his case. Specifically, he argues that the number of defendants involved in the case prevented him from cooperating with the Government in exchange for a reduced sentence, justifying a reduced sentence.[1]

## II.

The District Court had jurisdiction over this case pursuant to 18 U.S.C. § 3231. We have jurisdiction over the challenge of a conviction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. When we review a sentence imposed by a district court, we first consider

---

[1] Jang also requested downward departures or variances based on the hardship his incarceration would have on his family and on lack of guidance as a youth, which the District Court denied. He does not appeal this aspect of the District Court's ruling.

whether the district court committed any procedural error. United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). In the absence of such an error, we then consider the sentence's substantive reasonableness, applying the abuse of discretion standard and in light of the totality of the circumstances. Id. "At both stages of our review, the party challenging the sentence has the burden of demonstrating unreasonableness." Id.

Jang does not argue that the District Court committed any procedural error, but instead alleges that the court erred by failing to acknowledge the effects of the large number of individuals charged in this matter. Under the three-step framework that district courts are instructed to follow, the final step that a sentencing court must take is to give "both sides the chance to argue for the sentences they deem appropriate" and then "exercise its discretion by considering all of the § 3553(a) factors." United States v. Wise, 515 F.3d 207, 216-17 (3d Cir. 2008). The record shows that the District Court considered Jang's arguments in support of a downward variance based on the complexity of the case, but ultimately concluded that when considered alongside the other relevant § 3553(a) factors, the large number of co-defendants and complex nature of the case did not justify a downward variance. The District Court determined that in light of the nature of the offense, the need for deterrence, and the need to protect the public, a 48-month sentence was reasonable. We cannot discern any error by the District Court. Because we cannot hold that "no reasonable sentencing court would have imposed the same sentence on the particular defendant for the reasons the district court provided," United States v. Merced, 603 F.3d 203, 214 (3d Cir. 2010), we cannot hold that Jang's sentence is unreasonable.

III.

For the foregoing reasons, we will affirm the sentence of the District Court.